IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IVAN DAVILA, #M55646, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-00168-SMY |
| | ) |
| PERCY MYERS, | ) |
| NATHAN CHAPMAN, | ) |
| JOHN DOE 1-6, | ) |
| NURSE JAMES, | ) |
| J. DUDEK, | ) |
| SGT. ENGSTROM, | ) |
| and JOHN BARWICK, | ) |
| | ) |
| Defendants. | ) |

### ORDER DISMISSING CASE

**YANDLE, District Judge:**

This matter is before the Court for case management. Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 for constitutional claims arising from allegedly inadequate nutrition and medical care he received at Pinckneyville Correctional Center following the removal of a wisdom tooth in July 2024. (Doc. 1). The Complaint survived screening under 28 U.S.C. § 1915A. (Doc. 14). Plaintiff was allowed to proceed with three claims against the defendants under the Eighth Amendment and Illinois state law. *Id*.

To help identify and serve Defendants Nurse James, C/O John Doe 1-3, and Kitchen Supervisors John Doe 4-6, the Current Warden of Pinckneyville Correctional Center was added as an official capacity defendant. Once the warden appeared, the Court entered a Doe Identification Order with instructions and deadlines for exchanging information necessary for Plaintiff to identify the unknown defendants by first and last names in a motion for substitution. (Doc. 29). According to the Doe Identification Order, Plaintiff was required to file a notice describing each unknown

1

defendant by June 4, 2025; the warden was ordered to produce identifying information or names by June 25, 2025; and Plaintiff was required to file a motion for substitution by July 16, 2025. He was warned that failure to identify each unknown defendant would result in dismissal of that defendant after the deadline expired. *Id*. at 2-3 (citing FED. R. CIV. P. 41). Plaintiff missed these deadlines.

Plaintiff was separately notified of his ongoing obligation to update his address within 14 days of any address change. (Docs. 3, 9, and 14). He was warned that failure to do so provided grounds for dismissal of the action. *Id*. (citing FED. R. CIV. P. 41). According to public records, Plaintiff was released on parole on June 2, 2025;[1] he has not updated his address to date.

Plaintiff was also granted *in forma pauperis* status and ordered to pay an initial partial filing fee of $1.15 by May 5, 2025. (Doc. 12). The Court extended the deadline to July 16, 2025, when he failed to make payment by the initial deadline. (Doc. 29). However, Plaintiff was warned that failure to pay this amount or produce documentation showing his inability to pay provided grounds for dismissal of the action after the extended deadline expired. *Id*. (citing FED. R. CIV. P. 41). Plaintiff missed both payment deadlines.

Finally, Plaintiff did not respond to the Court's order to show cause why this case should not be dismissed for failure to comply with the Court's orders and/or prosecute his claims herein. (Doc. 41). Plaintiff's response was due July 9, 2025, and the Court received no response from him.

---

[1] *See* https://idoc.illinois.gov/offender/inmatessearch.html (site last visited July 22, 2025). *See also Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

Accordingly, this case is **DISMISSED** without prejudice based on Plaintiff's failure to comply with the Court Orders (Docs. 3, 9, 12, 14, 29, and 41) and his failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 22, 2025**         *s/ Staci M. Yandle*
                                 **STACI M. YANDLE**
                                 **United States District Judge**